| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|---|
| PLAINTIFF(S) Deborah Boyd | | DEFENDANT(S) Manet Community Health Center, Inc. Meera M. Mathew, M.D., and Jacqueline Foye, R.N. | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Christopher G. Timson, Esq., 89 Access Rd., Suite 29, Norwood, MA 02062 (781) 551-8900 Board of Bar Overseers number: 553120 | | ATTORNEY (if known) | |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B06 | Malpractice-medical | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $ unknown
2. Total Doctor expenses .................................................. $ unknown
3. Total chiropractic expenses ............................................ $ unknown
4. Total physical therapy expenses ........................................ $ unknown
5. Total other expenses (describe) ........................................ $ unknown
   Subtotal $ unknown
B. Documented lost wages and compensation to date ........................... $ unknown
C. Documented property damages to date ..................................... $ unknown
D. Reasonably anticipated future medical and hospital expenses ............. $ unknown
E. Reasonably anticipated lost wages ....................................... $ unknown
F. Other documented items of damages (describe) ............................ $ unknown

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
The defendants provided negligent medical care to the plaintiff. As a result of the Defendants' negligence, the Plaintiff has been diagnosed with cervical cancer and was required to undergo a radical hysterectomy, suffered pain, anguish of mind and serious injury of the Body, was unable to perform her normal activities and duties for an extended period of time, and sustained damages for loss of earnings and earning capacity.

TOTAL $ unknown

Provide a detailed description of claim(s):

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules of Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                                          6/18/04

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.



SUPERIOR COURT
CIVIL ACTION

NO. 04 01037

DEBORAH BOYD ............................, Plaintiff(s)

v.

MANET COMMUNITY HEALTH CENTER, INC.
MEERA M. MATHEW, M.D., ............, Defendant(s)
and JACQUELINE FOYE, .R.N.

### SUMMONS

To the above-named Defendant: Manet Community Health Center, Inc.

You are hereby summoned and required to serve upon Christopher G. Timson, Esq. plaintiff's attorney, whose address is P.O. Box 588, Norwood, MA 02062, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at Dedham the 18th day of June, in the year of our Lord two thousand and four.

A TRUE COPY, ATTEST:

DEPUTY SHERIFF
DATE

Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK:SS  
                                              MASSACHUSETTS TRIAL COURT  
                                              SUPERIOR COURT DEPARTMENT  
                                              DOCKET NO.

DEBORAH BOYD                              )  
Plaintiff                                      )    04 01037  
                                              )  
v.                                               )  
                                              )    COMPLAINT AND  
MANET COMMUNITY HEALTH    )    JURY TRIAL DEMAND  
CENTER, INC., MEERA M. MATHEW, M.D., )  
AND JACQUELINE FOYE, R.N.          )  
Defendants                              )

## PARTIES

1. The Plaintiff, Deborah Boyd is an individual residing at 445 Palmer Street, Apt. #1, Quincy, Norfolk County, Commonwealth of Massachusetts.

2. The Defendant, Manet Community Health Center, Inc., is a Massachusetts Nonprofit corporation with its principal offices located at 1193 Sea Street, Quincy, Norfolk County, Commonwealth of Massachusetts.

3. The Defendant, Meera M. Mathew, M.D., is an individual residing at 392 Main Street, Apt. #2, Hingham, Plymouth County, Commonwealth of Massachusetts, at all relevant times was a medical doctor duly licensed to practice medicine in the Commonwealth of Massachusetts and was an employee of the defendant, Manet Community Health Center, Inc.

4. The Defendant, Jacqueline M. Foye, R.N., is an individual residing at 80 Spring Street, Quincy, Norfolk County, Commonwealth of Massachusetts, at all relevant times was a registered nurse duly licensed to practice nursing in the Commonwealth of Massachusetts and was an employee of the defendant, Manet Community Health Center, Inc.

## FACTS

5. During the period February 1999 through October 2001, the Defendants were Plaintiff's primary health care providers.

6. In the course of their treatment of Ms. Boyd, Defendants were negligent and deviated from the standard of care including, but not limited to, properly informing Ms. Boyd of test results which showed irregularities that should have been followed up by the Defendants and put Defendant on notice regarding the risk of failing to take action, failed to properly record Ms. Boyd's complaints, refused to set up appointments for Ms. Boyd to

1

see a doctor, failed to follow the proper medical protocol, failed to diagnosis and provide proper preventative treatment.

7. As a direct, proximate, proximate result of the negligence of the Defendants, their servants and employees, Plaintiff has been diagnosed with cervical cancer and was required to undergo a radical hysterectomy, suffer pain, anguish of mind, and other serious injury of the body, was unable to perform her usual activities and duties for an extended period of time, and sustained damages for loss of earnings and earning capacity.

## COUNT I
## NEGLIGENCE

8. The Plaintiff, Deborah Boyd restates, realleges and incorporates paragraphs 1 through 7 of this Complaint as though fully set forth herein.

WHEREFORE, the Plaintiff, Deborah Boyd, demands that judgment enter against the Defendants in an amount to be determined by this Court, plus interest and costs.

## JURY DEMAND

The Plaintiffs requests a trial by jury on all issues to triable.

Plaintiff,
By Her Attorneys,

_____
CHRISTOPHER G. TIMSON
BBO# 553120
HOWARD, TIMSON & WHITE
89 Access Road, Suite 29
Norwood, MA 02062
(781) 551-8900

Dated: June 18, 2004

2

| | | |
|---|---|---|
| 1. DATE ISSUED: (MM/DD/YYYY) 05/19/2004 | 2. PROGRAM CFDA: 93.224 | Page 1<br>DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| 3. SUPERCEDES AWARD NOTICE dated:<br>except that any additions or restrictions previously imposed remain in effect unless specifically rescinded. | | |
| 4. GRANT NUMBER:<br>5 H80CS00453-03-00 | 5. FORMER GRANT NUMBER:<br>H27CS01476 | **HRSA** |
| 6. PROJECT PERIOD: (MM/DD/YYYY)<br>FROM: 06/01/2002 THROUGH: 05/31/2005 | | NOTICE OF GRANT AWARD<br>AUTHORIZATION (Legislation/Regulation)<br>Public Health Service Act, Title III, Section 330 |
| 7. BUDGET PERIOD: (MM/DD/YYYY)<br>FROM: 06/01/2004 THROUGH: 05/31/2005 | | |

8. TITLE OF PROJECT (OR PROGRAM): HEALTH CENTER CLUSTER

9. GRANTEE NAME AND ADDRESS:
MANET COMMUNITY HEALTH CENTER, INC.
1193 SEA STREET
QUINCY, MA 02169-3544
UDS # 011640

10. DIRECTOR: (PROGRAM DIRECTOR/PRINCIPAL INVESTIGATOR)
ANTONIA G MCQUIRE
MANET COMMUNITY HEALTH CENTER, INC.
110 WEST SQQANTUM STREET
NORTH QUINCY, MA 02171

11. APPROVED BUDGET: (Excludes Direct Assistance)
[ ] Grant Funds Only
[X] Total project costs including grant funds and all other financial participation

| | |
|---|---|
| a. Salaries and Wages: | $ 5,060,400.00 |
| b. Fringe Benefits: | $ 855,300.00 |
| c. Total Personnel Costs: | $ 5,915,700.00 |
| d. Consultant Costs: | $ 0.00 |
| e. Equipment: | $ 138,000.00 |
| f. Supplies: | $ 136,500.00 |
| g. Travel: | $ 20,600.00 |
| h. Construction/Alteration and Renovation: | $ 0.00 |
| i. Other: | $ 1,112,910.00 |
| j. Consortium/Contractual Costs: | $ 194,400.00 |
| k. Trainee Related Expenses: | $ 0.00 |
| l. Trainee Stipends: | $ 0.00 |
| m. Trainee Tuition and Fees: | $ 0.00 |
| n. Trainee Travel: | $ 0.00 |
| o. TOTAL DIRECT COSTS: | $ 7,518,110.00 |
| p. INDIRECT COSTS: (Rate: % of S&W/TADC) | $ 0.00 |
| q. TOTAL APPROVED BUDGET: | $ 7,518,110.00 |
| i. Less Non-Federal Resources: | $ 6,616,400.00 |
| ii. Federal Share: | $ 901,710.00 |

12. AWARD COMPUTATION FOR FINANCIAL ASSISTANCE

| | |
|---|---|
| a. Authorized Financial Assistance This Period | $ 901,710.00 |
| b. Less Unobligated Balance from Prior Budget Periods | |
| i. Additional Authority | |
| ii. Offset | $ 0.00 |
| c. Unawarded Balance of Current Year's Funds | $ 0.00 |
| d. Less Cumulative Prior Award(s) This Budget Period | $ 0.00 |
| e. AMOUNT OF FINANCIAL ASSISTANCE THIS ACTION | $ 901,710.00 |

13. RECOMMENDED FUTURE SUPPORT: (Subject to the availability of funds and satisfactory progress of project)

| YEAR | TOTAL COSTS |
|---|---|
| Not Applicable | |

14. APPROVED DIRECT ASSISTANCE BUDGET: (In lieu of cash)

| | |
|---|---|
| a. Amount of Direct Assistance | $ 0.00 |
| b. Less Unawarded Balance of Current Year's Funds | $ 0.00 |
| c. Less Cumulative Prior Awards(s) This Budget Period | $ 0.00 |
| d. AMOUNT OF DIRECT ASSISTANCE THIS ACTION | $ 0.00 |

15. PROGRAM INCOME SUBJECT TO 45 CFR PART 74, SUBPART F OR 45 CFR 92.25 SHALL BE USED IN ACCORD WITH ONE OF THE FOLLOWING ALTERNATIVES:
A=Additional Cost B=Deduction C=Finance Non-Federal D=Cost Sharing or Matching E=Other
Estimated Program Income: $ 5,340,736.00 [E]

16. THIS AWARD IS BASED ON AN APPLICATION SUBMITTED TO, AND AS APPROVED BY HRSA, IS ON THE ABOVE TITLED PROJECT AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:
a. The grant program legislation cited above. b. The grant program regulation cited above. c. This award notice including terms and conditions, if any, noted below under REMARKS. d. 45 CFR Part 74 or 45 CFR Part 92 as applicable. In the event there are conflicting or otherwise inconsistent policies applicable to the grant, the above order of precedence shall prevail. Acceptance of the grant terms and conditions is acknowledged by the grantee when funds are drawn or otherwise obtained from the grant payment system.

REMARKS: (Other Terms and Conditions Attached [X] Yes [ ] No )
FY04-BUDGET PERIOD RENEWAL

Electronically signed by Janice Gordon, Grants Management Officer on: 05/19/2004

17. OBJ. CLASS: 41.51  |  18. CRS-EIN: 1042646695A1  |  19. FUTURE RECOMMENDED FUNDING: $ 901,710.00

| FY-CAN | CFDA | DOCUMENT NO. | AMT. FIN. ASST. | AMT. DIR. ASST. | SUBPROGRAM CODE |
|---|---|---|---|---|---|
| 04-3981160 | 93.224 | H80CS00453A0 | $ 901,710.00 | $ 0.00 | CH |

NOTICE OF GRANT AWARD (Continuation Sheet)

| Page 2 | Date Issued: 05/19/2004 |
|---|---|
| Grant Number: 5 H80CS00453-03-00 | |

## Terms and Conditions

Failure to comply with the special remarks and condition(s) may result in a draw down restriction being placed on your Payment Management System account or denial of future funding.

**Grant Specific Terms:**

1. This Notice of Grant Award (NGA) reflects acceptance of the budget breakdown by object class category as reflected on the Standard Form 424A submitted with the application.



2. This entity is re-deemed an employee of the Federal Government for the purposes of malpractice liability protection under the Federal Tort Claims Act (FTCA) during the budget period, JUNE 1, 2004 through MAY 31, 2005.

**Program Terms:**

1. Program income (item 15(e)) – Non-grant funds (State, local, and other operational funding and fees, premiums, and third-party reimbursements which the project may reasonably be expected to receive, including any such funds in excess of those originally expected), shall be used as permitted under the law and may be used for such other purposes as are not specifically prohibited under the law if such use further the objectives of the project.

2. In addition to submitting your A-133 audit to the Audit Clearinghouse, you must also submit a copy of your A-133 audit to the HRSA Division of Grants Management Operations, 4350 East West Highway, 11th Floor, Bethesda, Maryland 20814.

3. If your organization purchases or reimburses for outpatient drugs, an assessment must be made to determine whether the organization drug acquisition practices meet Federal requirements regarding cost-effectiveness and reasonableness (See 42 CFR Part 50, Subpart E, and OMB Circulars A-122 and A-87 regarding cost principles). If your organization is eligible to be a covered entity under Section 340B of the Public Health Service Act and the assessment shows that participating in the 340B Drug Pricing Program and its Prime Vendor Program is the most economical and reasonable manner of purchasing or reimbursing for covered outpatient drugs (as defined in section 340B), failure to participate may result in a negative audit finding, cost disallowance or grant funding offset.

4. Uniform Data System (UDS) report is due in accordance with specific instructions from the Program Office.

**Standard Terms:**

1. The HHS Appropriations Act requires that when issuing statements, press releases, requests for proposals, bid solicitations, and other documents describing projects or programs funded in whole or in part with Federal money, all grantees receiving Federal funds, including but not limited to State and local governments, shall clearly state the percentage of the total costs of the program or project which will be financed with Federal money, the dollar amount of Federal funds for the project or program, and percentage and a dollar amount of the total costs of the project or program that will be financed by nongovernmental sources.

2. Recipients and sub-recipients of Federal funds are subject to the strictures of the Medicare and Medicaid anti-kickback statute (42 U.S.C. 1320a - 7b(b)) and should be cognizant of the risk of criminal and administrative liability under this statute, specifically under 42 U.S.C. 1320 7b(b) Illegal remunerations which states, in part, that whoever knowingly and willfully:

(A) Solicits or receives (or offers or pays) any remuneration (including kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind, in return for referring (or to induce such person to refer) an individual to a person for the furnishing or arranging for the furnishing of any item or service, OR

(B) In return for purchasing, leasing, ordering, or recommending purchasing, leasing, or ordering, or to purchase, lease, or order, any goods, facility, services, or item

....For which payment may be made in whole or in part under subchapter XIII of this chapter or a State health care program, shall be guilty of a felony and upon conviction thereof, shall be fined not more than $25,000 or imprisoned for not more than five years, or both.

NOTICE OF GRANT AWARD (Continuation Sheet)

Page 3
Date Issued: 05/19/2004
Grant Number: 5 H80CS00453-03-00

3. The HHS Appropriations Act requires that to the greatest extent practicable, all equipment and products purchased with funds made available under this award should be American-made.

4. Requests that require prior approval from the awarding office as indicated in 45 CFR Part 74.25 [Note: 74.25 (d) HRSA has not waived cost-related or administrative prior approvals for recipients unless specifically stated on this Notice of Grant Award] or 45 CFR Part 92.20 must be submitted in writing to the Grants Management Officer (GMO). Only responses signed by the GMO are to be considered valid. Grantees who take action on the basis of responses from other officials do so at their own risk. Such responses will not be considered binding by or upon the Health Resources and Services Administration.

5. Payments under this award will be made available through the DHHS Payment Management System (PMS). PMS is administered by the Division of Payment Management, Financial Management Services, Program Support Center, which will forward instructions for obtaining payments. Inquiries regarding payment should be directed to: Payment Management, DHHS, P.O. Box 6021, Rockville, MD 20852, http://www.dpm.psc.gov/ or Telephone Number: (301) 443-1661.

6. The DHHS Inspector General maintains a toll-free hotline for receiving information concerning fraud, waste, or abuse under grants and cooperative agreements. Such reports are kept confidential and callers may decline to give their names if they choose to remain anonymous. Contact: Office of Inspector General, Department of Health and Human Services, Attention: HOTLINE, 330 Independence Avenue Southwest, Cohen Building, Room 5140, Washington, D. C. 20201, Email: Htips@os.dhhs.gov or Telephone: 1-800-447-8477 (1-800-HHS-TIPS).

7. Submit audits, if required, in accordance with OMB Circular A-133, to: Federal Audit Clearinghouse Bureau of the Census 1201 East 10th Street Jefferson, IN 47132 PHONE: (310) 457-1551, (800)253-0696 toll free http://harvester.census.gov/sac/facconta.htm

## Reporting Requirements:

1. Due Date: Within 90 days of Budget End Date
Financial Status Report SF-269/long form at (http://www.psc.gov/forms/sf) is due within 90 days after expiration of the budget period. This report should NOT reflect cumulative reporting from budget period to budget period and should be submitted to the HRSA Division of Grants Management Operations, 4350 East-West Highway, 11th Floor, Bethesda, MD 20814.

Failure to comply with these reporting requirements will result in deferral or additional restrictions of future funding decisions.

## Contacts:

Program Contact: For assistance on programmatic issues, please contact Von Brown-Wilson at:
HRSA/BPHC/Division of Health Care Management
4350 E West Hwy
Bethesda, MD 20814-4410
Phone: (301)594-4309
Email: VWilson@hrsa.gov

Division of Grants Management Operations: For assistance on grants administration issues, please contact Inge Cooper at:
4350 E West Hwy
Bethesda, MD 20814-4410
Phone: (301)594-4236
Email: icooper@hrsa.gov

Responses to reporting requirements, conditions, and requests for post award amendments must be mailed to the attention of the Office of Grants Management contact indicated above. All correspondence should include the Federal grant number (item 4 on the award document) and program title (item 8 on the award document). Failure to follow this

NOTICE OF GRANT AWARD (Continuation Sheet)

Page 4  
Date Issued: 05/19/2004  
Grant Number: 5 H80CS00453-03-00

guidance will result in a delay in responding to your request.

# Commonwealth of Massachusetts
## County of Norfolk
### The Superior Court

*4479-1*
*IN DIARY*

CIVIL DOCKET # NOCV2004-01037-A

RE: **Boyd v Manet Community Health Center Inc et al**

TO: Christopher G Timson, Esquire
Howard Timson White & O'Neill
89 Access Road
PO Box 588
Norwood, MA 02062

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | | DEADLINE |
|---|---|---|
| Service of process made and return filed with the Court | 9/17/04 | 09/19/2004 |
| Response to the complaint filed (also see MRCP 12) | | 11/18/2004 |
| All motions under MRCP 12, 19, and 20 filed | | 11/18/2004 |
| All motions under MRCP 15 filed | | 09/14/2005 |
| All discovery requests and depositions completed | | 08/10/2006 |
| All motions under MRCP 56 served and heard | | 10/09/2006 |
| Final pre-trial conference held and/or firm trial date set | | 02/06/2007 |
| Case disposed | | 06/21/2007 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session "A" sitting in CtRm 10 Norfolk Superior Court.

Dated: 06/22/2004

Walter F. Timilty
Clerk of the Court

Location: CtRm 10
Telephone: (781) 326-1600

BY:
Assistant Clerk

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130